JUSTICE COTTER
dissents.
¶43 I join in Justice Nelson’s dissent. I also offer the following additional grounds for disagreement with the Court’s Opinion.
¶44 I disagree with the Court’s conclusion that Hardy’s claim for interference with contract fails. For the same reasons set forth in Justice Nelson’s dissent, the question of whether VSP interfered with Hardy’s contracts with his patients with the intent and calculation to cause him damage is a question of fact.
¶45 The Court fails to acknowledge Hardy’s contention that, after VSP terminated his contract, it proceeded to advise his patients that they should discontinue seeing him, and see instead a VSP-member competitor. According to Hardy, VSP also refused to disclose to Hardy or his staff how those who might wish to continue as Hardy’s patients *396 could continue to receive VSP benefits. As a result, Hardy claims damages from lost business in the millions. Such a claim, if proven, would demonstrate interference with business relations that post-dates and is arguably severable from the breach of contract claim. This being so, the interference with business relations claim does not depend for its existence on the viability of the breach of contract claim. The District Court erred in tying the two claims together, and this Court has, in my judgment, perpetuated that error. For this reason, I would reverse the entry of summary judgment on the claim for interference with business relations, in addition to reversing the entry of summary judgment on the breach of contract claim. I dissent from our refusal to do so.